John D. Bennett, S.
The petitioner has requested the court to construe article “Third”, paragraph “ B ”, subparagraph “ 15 ”, of the deceased’s will, together with the third codicil to said will to the effect that petitioner as sole income beneficiary of the trust established by subparagraph 15 has a right to elect to take the corpus of the trust and thereby terminate it.
Subparagraph 15 of the will reads as follows: ‘ ‘ The balance of my residuary estate including any of the foregoing bequests which may lapse by reason of death in the case of individuals or by reason of non-existence in the case of corporations whether such non-existence be caused by liquidation, merger, consolidation or otherwise, shall be held in trust and the income thereof shall be paid to the said goldye eeldman monthly during her lifetime and upon her death or upon the death of the survivor of my said husband and myself, if the said Goldye Feldman should *290 predecease both of us, the said fund shall be paid over to the issue of the said Gol dye Feldman, if any then living, per stirpes, or if no issue of hers is then living the said fund shall be paid over to the home ahd hospital of the daughters op Israel, ihc.
‘ ‘ I authorize my corporate Trustee in its discretion to pay over to the said Goldye Feldman out of the principal of the said fund held in trust for her at any time or from time to time such sum or sums of money as to my corporate Trustee may seem advisable for the care, maintenance and comfort of the said Goldye Feldman.”
The third codicil to the will has only one amending clause as follows: ‘ The beneficiaries of any trust created in my Last Will and Testament for the benefit of any persons other than my surviving spouse shall have the right to elect to take the corpus of the trust, providing they file a notice of such election with the executors and trustees therein named and further providing that the natural persons named as the executors and trustees in the said Last Will and Testament shall consent to such election.”
The petitioner has filed the required notice of election which has been consented to by the individual executors and trustees (the petitioner and her husband), as well as by petitioner’s two children who, at present, are the primary contingent remaindermen of the trust.
The secondary contingent remainderman, Home and Hospital of the Daughters of Israel, Inc., and the Attorney-General of the State of New York as an interested party, have filed answers to this petition in which they oppose the application. Each primarily bases its objection on the contention that the present income beneficiary and both the primary and secondary contingent remaindermen are all “ beneficiaries ” of the trust; that the third codicil states that the “ beneficiaries ” of the trust are entitled to elect to take the trust principal; and that, therefore, since the plural was used the consent of all “ beneficiaries ” is required for an effective election. Since the Home and Hospital of the Daughters of Israel, Inc. has not consented, it prays that the relief requested be denied and that the will and codicil be construed so as to require the consent of the home to any election by petitioner to take the trust principal.
Bouvier’s Law Dictionary (Rawle’s 3d Rev., 1914) cryptically defines “ beneficiary ” as “ a term suggested by Judge Story as a substitute for cestui que trust, and adopted to some extent. ’ ’ Black’s Law Dictionary (4th ed., 1951) goes somewhat further and states it is one for whose benefit a trust is created; a cestui que trust. * * * A person having the enjoyment of property of which a trustee, executor, etc., has the legal posses *291 sion.” Scott on Trusts (vol. 2, 2d ed., 1956), in chapter 1, Definitions and Distinctions, states in section 3.2 that “ the person for whose benefit a trust is created is commonly referred to as the ‘ cestui que trust, ’ just as the person for whose benefit a use was created was called the ‘ cestui que use.’ These barbarous terms have behind them a long history and they are still in common use today. The person for whose benefit the trust is created is also frequently called simply ‘the beneficiary.’ * “ * The only advantage of the term ‘ cestui que trust ’ is that it indicates that it is a trust and not a contract, for example, of which the person is the beneficiary.” Thus it appears that with the passage of time the term “beneficiary” is becoming a more favored and more commonly used term than ‘ ‘ cestui que trust ’ ’ with which it is synonymous.
In this, as in all construction proceedings, the prime consideration is the intention of the testator as expressed in the will. Matter of Fabbri (2 N Y 2d 236) sets forth many of the principles of law applicable to this proceeding. For example, the Court of Appeals states therein (p. 240) that the intention of the testator as so expressed ‘ ‘ must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety” (citing cases), and on the same page, “‘a word * =» * may vary greatly in color and content ’ according to the intent of its author and the circumstances under which it is used. * * * If the court upon reading the will in this setting discerns a dominant purpose or plan of distribution, the individual parts of the will must be read in relation to that purpose and given effect accordingly (Roe v. Vingut, 117 N. Y. 204, 212).”
Applying these and other well-settled principles of construction to the language employed by the testatrix in the third codicil of her will, the court is of the opinion that testatrix in using the word ‘ ‘ beneficiaries ’ ’ therein intended to give a right to elect to take down the corpus of a trust to the income beneficiaries of the two trusts created by her will and that the petitioner herein as sole income beneficiary of the trust established pursuant to subparagraph 15 of the will has the right at any time during her lifetime to elect to take the corpus of the trust and thereby terminate it upon complying with the conditions set forth in the third codicil in respect to such an election. The court is of the further opinion that the will unmistakably reveals a general plan or design to provide for petitioner as the major object of testatrix’ bounty in the event she survived testatrix’ husband. Petitioner is named as legatee of all personalty in the event the deceased’s husband did not survive her. Petitioner, her husband and two children are the only natural persons other than testa *292 trix’ sister to receive cash legacies from the residue prior to the establishment of two trusts from the balance. A trust of $50,000 was provided for testatrix’ sister from said balance, but even here, the petitioner is designated as remainderman. Finally, testatrix provided that, with the exception of the cash bequest to the Home and Hospital of the Daughters of Israel, Inc. in the sum of $50,000, all other legacies would abate if the trust for testatrix’ sister and the trust for petitioner had values of less than $50,000 and $100,000 respectively at the time of their establishment. The existence of such a dominant purpose and plan to provide for petitioner as the major object of her bounty when coupled with the current trend to use the word “ beneficiaries ” as a synonym for cestui que trust leaves room for no other construction in this case.
The court is of the opinion, therefore, that the construction urged by the petitioner is expressive of the testatrix’ intention as manifest in the will. She provided for the creation of two trusts under her will following the death of her husband. By the use of the words “ the beneficiaries of any trust created in my Last Will and Testament for the benefit of any persons other than my surviving spouse ’ ’ in the third codicil, the testatrix expressed an intention to provide that if either of the income beneficiaries of either trust desired to take down the principal of her trust she could do so after meeting specified conditions. Petitioner has so elected and has met the conditions specified. The court accordingly holds that the petitioner is entitled to the corpus of the trust for her benefit.