Hon. Justin L. Vigdor Chairman Interest on Lawyer Account of the State of New York
I am writing in response to your request for an opinion as to whether the Interest on Lawyer Account Fund (IOLA) would hold the beneficial interest in NOW accounts that would be established by lawyers participating in the program.
IOLA was established by chapter 659 of the Laws of 1983. As stated in your letter, it has been the tradition that New York lawyers utilize two types of accounts for deposit of client funds held in a fiduciary capacity. If the funds were large enough or held for a long enough period of time to accumulate a significant amount of interest exceeding administrative costs, separate interest bearing accounts were established. Nominal amounts or large amounts held for very short periods of time were held in non-interest bearing accounts. The IOLA legislation authorizes lawyers to place certain qualified funds (those nominal in amount, or those held for an insignificant period of time) into interest bearing accounts, with the interest generated transmitted by the banking institution to IOLA (L 1984, ch 760). The Fund will then distribute this income to not-for-profit, tax exempt entities for the purpose of delivering civil legal services to the poor and for the improvement of the administration of justice. The Fund is administered by a fifteen-member Board of Trustees, all of whom are appointed by the Governor.
The Board, in establishing banking procedures for the program, solicited an opinion from the Federal Reserve System as to the propriety of utilizing NOW accounts for deposit of qualified funds by participating lawyers. The Federal Reserve System, in turn, requested (1) verification of IOLA's status as a governmental unit, and (2) an opinion of the Attorney General as to whether IOLA would hold the beneficial interest in the accounts involved (12 U.S.C. § 1832[a]). It is this second question that this opinion addresses, it having already been established that IOLA is a governmental unit.
The owner of a beneficial interest is the one who derives gain from the fund (Scott on Trusts, § 3.2, 3d Ed., 1967; see Matter of Grad,51 Misc.2d 289 [Nassau Co. Surrogate's Ct, 1966]). This person need not also own the fund (ibid.). The interest from a NOW account is the beneficial interest. Because under State law IOLA will receive all interest generated by IOLA NOW accounts (L 1984, ch 760), it is the owner of the beneficial interest in the fund.
Accordingly, we conclude that the beneficial interest in IOLA NOW accounts is owned by IOLA.